**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **3:94-CR-021-H** |
| | ) | **(3:05-CV-1352-H)** |
| **REYMUNDO GONZALEZ, JR.,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner through retained counsel pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined in the federal prison system. The government has not been ordered to respond.

Statement of the Case: Movant pled guilty pursuant to a plea agreement to possession with intent to distribute a controlled substance, count 1 of a four-count indictment. Punishment was assessed at 216 months imprisonment and a five-year term of supervised release. United States v. Gonzalez, 3:94-cr021-H(01) (N.D. Tex.). The remaining counts were dismissed on the government's motion. In November 1998, the Fifth Circuit Court of Appeals dismissed the direct appeal for want of prosecution.

On July 6, 2005, Movant filed this § 2255 motion challenging his sentence under the recent Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (reaffirming holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). He alleges that his right to a jury trial and due process of law were violated when he was punished upon facts that were neither submitted to a jury nor proved beyond a reasonable doubt. (Memorandum of Law at 1). Movant requests an evidentiary hearing on this matter.

Findings and Conclusions:   Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part as follows:

> If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

The Fifth Circuit recently held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have also determined that the Booker decision is not retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Therefore, in light of the Fifth Circuit's decision in In re Elwood

and the persuasive authority of the unanimous decisions of the other circuits which have considered the issue, the District Court should find that Movant's Booker claim is not cognizable in a section 2255 proceeding.  See United States v. Cabrera, 3:04cv2739-H, 3:01cr374-H (N.D. Tex.) (denying first § 2255 motion raising Booker claim).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 because Movant's claim under United States v. Booker is not cognizable in a post-conviction proceeding.

A copy of this order will be mailed to Counsel for Movant.

Signed this 19th of July, 2005.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.